UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ISAAC AMBROSE,

    Plaintiff,

v.

PAUL AMBROSE, et al.,

    Defendants.

Case No. C20-1338RSL

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte*. On September 10, 2020, the Court found that the complaint in the above-captioned matter failed to allege a cause of action cognizable under federal law or to otherwise trigger this Court's jurisdiction. Plaintiff was ordered to show cause why the complaint should not be dismissed and was given thirty (30) days to file an amended complaint establishing this Court's jurisdiction. Dkt. #6. No response has been filed. The above-captioned matter is accordingly DISMISSED without prejudice.

The Court has also considered and DENIES plaintiff's application for court-appointed counsel. Dkt. #5.

> Generally, a person has no right to counsel in civil actions. However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether "exceptional circumstances" exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these considerations is dispositive and instead must be viewed together.

ORDER OF DISMISSAL - 1

Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (internal quotation marks and citations omitted).  A party seeking appointment of counsel at another's expense must, as an initial matter, show indigency.  Because plaintiff has provided information regarding his financial situation, the Court turns to other factors in determining whether "exceptional circumstances" justify appointment of counsel in this case.

Plaintiff vaguely asserts that he has "called every attorney on Google." Dkt. #5.  Even assuming this is true and representative of reasonably diligent efforts, plaintiff's lack of success in obtaining counsel likely relates to the limited likelihood of success on the merits of his claim, at least under a federal theory.  The Court finds plaintiff's suit lacks merit for the reasons set forth in its order to show cause. Dkt. #6.  Moreover, plaintiff has not even attempted to comply with the Court's order to show cause by submitting an amended complaint remedying the deficiencies in his original complaint.  Finding an absence of "exceptional circumstances," the Court declines to grant plaintiff's request for appointment of counsel.

For these reasons, plaintiff's motion to appoint counsel (Dkt. #5) is DENIED, and IT IS HEREBY ORDERED that the above-caption matter be DISMISSED without prejudice.

DATED this 19th day of October, 2020.

*MVT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 2